IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAP PRODUCTS INC.<br>2400 Boston Street, Suite 200<br>Baltimore, MD 21224 | * * * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. _____ |
| ELMER'S PRODUCTS, INC.<br>460 Polaris Pkwy, Suite 500<br>Westerville, OH 43082 | * * * | JURY TRIAL DEMANDED |
| SERVE ON: RESIDENT AGENT<br>Corporation Service Company<br>2711 Centerville Rd., Suite 400<br>Wilmington, DE 19808 | * * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff DAP Products Inc. ("DAP"), by and through its undersigned counsel, files this Complaint for patent infringement against Defendant Elmer's Products, Inc. ("Elmer's"), and hereby alleges as follows:

THE PARTIES

1. DAP is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 2400 Boston Street, Suite 200, Baltimore, Maryland 21224.

2. Elmer's is a corporation organized and existing under the laws of the State of Delaware, having offices at 460 Polaris Parkway, Suite 500, Westerville, Ohio 43082.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has subject matter jurisdiction over this action based on 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Elmer's by virtue of the fact that Elmer's conducts business, and thus resides, in the State of Maryland and within this judicial district, has availed itself of the rights and benefits of Maryland law, and has engaged in substantial and continuing contacts with the State of Maryland and this judicial district.

5. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b), because Elmer's acts of infringement of DAP's patent have been committed in this judicial district, injuries complained of herein occurred in this judicial district, and Elmer's is subject to personal jurisdiction in this judicial district.

## DAP'S U.S. PATENT NO. 6,531,528

6. DAP is the owner by assignment of all right, title, and interest in, and has standing to sue for infringement of, U.S. Patent No. 6,531,528 ("the '528 Patent"), entitled "Ready to Use Spackle/Repair Product Containing Dryness Indicator." The '528 Patent was lawfully issued by the United States Patent and Trademark Office on March 11, 2003. A true and correct copy of the '528 Patent is attached hereto as Exhibit A.

7. The '528 Patent discloses (a) a ready-to-use patch repair composition product that contains a color change agent that possesses a color when the product is wet and then changes to white once the product is applied and the product dries; and (b) a method of using a ready-to-use patch repair composition to repair or treat imperfections in building member surfaces.

8. The invention claimed in the '528 Patent is not limited to the treatment or repair of any one particular material but rather may be used on a number of "building members such as wall board, plaster and other construction surfaces." Ex. A, col. 1, lines 23-25.

9. Claim 2 of the '528 Patent claims:

> **2.** Patch repair composition comprising 0-10 wt % surfactant, 0-10 wt % thickener, 0-10 wt % freeze thaw agent, 1-50 wt % resin binder, 1-80 wt % filler, about 0.1-10 wt % pH adjustment agent; and a pH color change indicator present in an amount of 0.00001-10%; with the foregoing percentages adding up to 100 wt %.

10. Claim 11 of the '528 Patent claims:

> **11**. A method of treating imperfections and the like existing in building member surfaces comprising:
>
> applying to said surface an amount effective for the purpose of an aqueous patch repair composition comprising, resin binder, pigment, and a pH color change indicator, said aqueous patch repair composition possessing color when applied; and
>
> allowing said composition to dry whereby said color dissipates from said composition.

11. Claim 12 of the '528 Patent claims:

> **12.** A method as recited in claim **11** wherein said aqueous patch repair composition has a basic pH when applied.

12. DAP manufactures and sells various products covered by the '528 Patent, including but not limited to DAP's "DryDex Dry Time Indicator Spackling" product ("the DAP Covered Products").

13. DAP's packaging for the DAP Covered Products is marked by and provides notice of the '528 Patent. As one example of this patent marking, the exterior of the packaging for DAP's "DryDex Dry Time Indicator Spackling" product has, at all times since at least 2005, provided notice that "[t]his product is covered by U.S. Patent 6,531,528 and foreign patents."

14. As a result of DAP's marking of the DAP Covered Products, Elmer's has had actual or constructive knowledge and notice of the '528 Patent since at least 2005.

15. In addition to DAP's marking of the DAP Covered Products, Elmer's also has had actual or constructive knowledge and notice of the '528 Patent as a result of its own participation in the marketplace as a competitor of DAP, as well as from direct communications between DAP and Elmer's regarding the '528 Patent.

ELMER'S "COLOR CHANGE" PRODUCT

16. Elmer's manufactures, uses, sells, and/or offers to sell in this judicial district products that infringe the '528 Patent, including, but not limited to, a color-changing wood filler product called "Carpenter's® Color Change Wood Filler" ("Elmer's 'Color Change' Product").

17. Upon information and belief, Elmer's "Color Change" Product, contains or consists of a "[p]atch repair composition comprising 0-10 wt % surfactant, 0-10 wt % thickener, 0-10 wt % freeze thaw agent, 1-50 wt % resin binder, 1-80 wt % filler, about 0.1-10 wt % pH adjustment agent; and a pH color change indicator present in an amount of 0.00001-10%; with

the foregoing percentages adding up to 100 wt %" within the meaning of Claim 2 of the '528 Patent.

19. Upon information and belief, Elmer's "Color Change" Product, contains or consists of an "aqueous patch repair composition comprising, resin binder, pigment, and a pH color change indicator, said aqueous patch repair composition possessing color when applied" within the meaning of Claims 11 through 12 of the '528 Patent.

19. Elmer's promotes Elmer's "Color Change" Product as a "wood filler" that, *inter alia*, "dries white when ready to paint, stain or sand."

20. The exterior packaging of Elmer's "Color Change" Product states, *inter alia*, that it "changes color when the wood filler is dry" and that "[w]hen this formula turns from purple to white, it's ready to sand, stain and finish!"

21. Additionally, the exterior packaging of Elmer's "Color Change" Product instructs customers and users of the product, *inter alia*, as follows:

> FILLING:  Apply to repair area with a putty knife.  Remove excess. . . .
> SANDING:  Sand when filler turns white—typical time is 15 min for shallow repairs and 2-8 hrs for deep repairs. . . .

22. Elmer's also promotes and provides instructions for Elmer's "Color Change" Product on its Internet website, including by presenting the following "Product Description:"

> Elmer's Carpenter's Color Change Wood Filler (16oz) dries white although it appears purple when first applied to your interior wood projects.  Watch as our Color Change wood filler goes from purple to white; after the change, you're ready to paint, stain or sand! . . . .

(http://elmers.com/product/detail/E917) (last visited October 19, 2015)

### COUNT I – Direct Infringement of U.S. Patent No. 6,531,528

23. DAP realleges and incorporates herein by reference the allegations contained in the paragraphs above.

24. Elmer's has infringed and continues to infringe the '528 Patent, including at least Claim 2 thereof, under 35 U.S.C. § 271(a) by making, using, selling, or offering for sale within this judicial district products, including but not limited to Elmer's "Color Change" Product, that infringe the '528 Patent either literally or under the doctrine of equivalents.

25. Elmer's has engaged in its infringing activities as set forth above without the authorization or permission of DAP.

26. Elmer's infringement of the '528 Patent as set forth above has been knowing and willful, and thus in violation of 35 U.S.C. § 284.

27. DAP has been injured, and continues to be injured, and to suffer damages and harm as a result of Elmer's direct infringement of the '528 Patent.

### COUNT II – Induced Infringement of U.S. Patent No. 6,531,528

28. DAP realleges and incorporates herein by reference the allegations contained in the paragraphs above.

29. Elmer's has actively induced and continues to actively induce the infringement by others of the '528 Patent, including at least Claims 11 and 12 thereof, under 35 U.S.C. § 271(b) by, *inter alia*, manufacturing, selling, or offering to sell infringing products, including but not limited to Elmer's "Color Change" Product, along with materials and instructions for the infringing use thereof, with the specific intent and knowledge that those products, materials, and

instructions direct, teach, or assist others to infringe the '528 Patent either literally or under the doctrine of equivalents.

30.     As one example of Elmer's induced infringement, Elmer's packaging for Elmer's "Color Change" Product directs and teaches purchasers or users of the product to use the product in a manner that infringes at least Claims 11 and 12 of the '528 Patent, including but not limited to expressly instructing such users to "[a]pply [the product] to [the] repair area with a putty knife" and then wait until the product "turns from purple to white," at which point the product is "dry" and "ready to sand, stain and finish."

31.     As another example of Elmer's induced infringement, as set forth above, Elmer's also promotes and provides instructions for the use of Elmer's "Color Change" Product on its Internet website.

32.     Upon information and belief, one or more purchasers or users of Elmer's infringing products, including but not limited to Elmer's "Color Change" Product, has directly infringed the '528 Patent by purchasing and or using those products as directed and instructed by Elmer's.

33.     Evidence of this direct infringement by purchasers or users of Elmer's infringing products includes, *inter alia*, customer reviews of Elmer's "Color Change" Product.  For example, customer reviews of Elmer's "Color Change" Product found on the Home Depot Internet website include, *inter alia*, the following statements:

- "It is easy to know when to sand the filler because it turns white when it is ready—no guesswork!"

- "Woke up the next day and the product had turned white and you can't tell unless you look closely that the filler was applied."

- "I worked my way around the room, took a lunch break, and when I came back I could easily tell which boards were ready to sand and paint . . . because there was no purple on them."

(http://www.homedepot.com/p/Elmer-s-8-oz-Carpenter-s-Color-Change-Wood-Filler-E916/204845384) (last visited October 19, 2015)

34. Elmer's has induced and continues to induce other persons or entities, including but not limited to purchasers or users of Elmer's "Color Change" Product, to infringe the '528 Patent despite having had knowledge, as set forth above, of the existence of the '528 Patent.

35. Elmer's has induced and continues to induce other persons or entities, including but not limited to purchasers or users of Elmer's "Color Change" Product, to infringe the '528 Patent despite having had knowledge, as set forth above, that the use by those other persons or entities of Elmer's products, including but not limited to Elmer's "Color Change" Product, as directed or instructed by Elmer's would infringe the '528 Patent.

36. Based upon Elmer's manufacture and sale of its products, including but not limited to Elmer's "Color Change" Product, with packaging and instructions such as that set forth above despite its prior knowledge of the '528 Patent, Elmer's specifically intended and knew or should have known that its customers or users of Elmer's products would infringe the '528 Patent by using them as directed and instructed by Elmer's.

37. Elmer's inducement of infringement of the '528 Patent as set forth above has been knowing and willful, and thus in violation of 35 U.S.C. § 284.

38. DAP has been injured, and continues to be injures, and to suffer damages and harm from Elmer's inducement of others' infringement of the '528 Patent.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff DAP respectfully requests this Court to enter judgment in its favor and against Defendant Elmer's and grant the following relief:

(a) Judgment that Elmer's has directly infringed one or more claims of the '528 Patent;

(b) Judgment that Elmer's has induced the infringement of one or more claims of the '528 Patent;

(c) A permanent injunction restraining and enjoining Elmer's, its officers, agents, attorneys, and employees, and those acting in privity or concert with them, and their successors or assigns, from engaging in any activity, including without limitation the commercial manufacture, use, sale, or offer to sell within the United States, or importation into the United States, of any product or composition that would infringe, or induce infringement of, the '528 Patent, including but not limited to Elmer's "Color Change" Product;

(d) An award of damages, in an amount to be determined, to compensate DAP for Elmer's infringement or inducement of infringement of the '528 Patent, pre- and post-judgment interest as allowed by law, costs, and all other damages permitted by 35 U.S.C. § 284, including enhanced damages as a result of Elmer's willful infringement;

(e) A declaration that this case is an exceptional one under 35 U.S.C. § 285, and an award of DAP's reasonable attorneys' fees;

(e) Such other and further relief as the Court may deem just and proper.

<u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands and requests a trial by jury of all issues raised that are so triable.

Dated:  October 19, 2015                     Respectfully submitted,

J.A. LINDEMAN & CO. PLLC

         /s/     David R. Lipson
David R. Lipson (Bar No. 26580)
Jeffrey A. Lindeman (*pro hac vice to be filed*)
J.A. LINDEMAN & CO. PLLC
3190 Fairview Park Drive, Suite 480
Falls Church, VA  22042
david.lipson@jalindeman.com
jeff.lindeman@jalindeman.com
(703) 776-9700  Telephone
(703) 776-9701  Facsimile

Counsel for Plaintiff
DAP PRODUCTS, INC.